UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Corey Kiner,

        Petitioner,

vs.                                                    REPORT AND RECOMMENDATION

Carol Holinka, (Warden), and
Kathleen Hawk (Director),

        Respondents,                          Civ. No. 06-498 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the routine supervision of cases, and upon Petitioner Corey Kiner's ("Kiner") Motion to Consolidate this action with four others: <u>DiModica v. Holinka</u>, Civ. No. 06-522(PAM/SRN); <u>Colman v. Holinka</u>, Civ. No. 06-595(JRT/AJB); <u>Andrig v. Holinka</u>, Civ. No. 06-615 (JRT/FLN); and <u>Robinson v. Holinka</u>, Civ. No. 06-621 (JNE/FLN).[1]  See, <u>Docket No. 2</u>.

---

[1] In deference to the District Court, we express our ruling as a Report and Recommendation since it impacts upon the Calendars of a total of four District Court Judges, who all properly have a say as to the propriety of the proposed consolidation.

Kiner, who is an inmate at the Federal Correctional Institution, in Waseca, Minnesota ("FCI-Waseca"), has filed a Petition for a Writ of Habeas Corpus pursuant to Title 28 U.S.C. §2241, asserting that the Respondents wrongfully denied him the opportunity to receive a sentence reduction pursuant to Title 18 U.S.C. §3621(e)(2)(B). Kiner's Motion to Consolidate maintains that the Petitioners in the four other cases are also inmates at FCI-Waseca, and that each of them have filed the same action against the same Respondents. Kiner's Motion has been signed by each of the Petitioners in the other identified cases.[2]

Kiner's Petition is nearly identical to each of the Petitions in the cases in which consolidation is sought. All five Petitions challenge the Respondents' application of United States Bureau of Prisons' ("BOP") Program Statement Section 5162.04, as well as 28 C.F.R. §550.58, to deny them a sentence reduction under Title 18 U.S.C. §3621(e)(2)(B), despite their eligibility to participate in the BOP's Residential Drug Abuse Program. Each Petition specifically challenges the provision of those regulations, which excludes from eligibility for sentence reduction, those "[i]nmates

---

[2] It appears that the Petitioners, in each of the cases which are sought to be consolidated, have filed Motions to Consolidate that are similar to that of the Petitioner in this case.

whose current offense is a felony * * * [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)." Furthermore, each Petition contains what appear to be identical challenges to the identified regulations, as well as identical theories of relief.

Some differences in the identified cases are apparent on the face of the Petitions. Notably, Kiner's Petition differs from the Petitions of the other Petitioners, in that he does not allege that he was denied eligibility for an early sentence reduction because he was convicted of being a felon in possession of a firearm, but instead, because he received a two level "Specific Offense Characteristic" enhancement for possession of a firearm in connection with his convicted offense. Moreover, of the five Petitioners, only Kiner, and one other Petitioner, have exhausted their administrative remedies. The remaining Petitioners urge that exhaustion would be futile, given the Respondents' steadfast opposition to the position that they are advancing.

Irrespective of those differences, we are satisfied that the interests of judicial economy would be served by the consolidation of the identified cases. See, EEOC v. HBE Corp., 135 F.3d 543, 550 (8th Cir. 1998)("All claims and issues sharing common aspects of fact or law may be consolidated to avoid unnecessary cost or

delay, Fed.R.Civ.P. 42(a), and consolidation should be upheld unless there has been a clear abuse of discretion, EPA v. City of Forest, Ark., 921 F.2d 1394, 1402 (8th Cir. 1990)."). Specifically, while the viability of each Petition may rest on individualized considerations, there is a clear preference for the presentation of identical legal issues to one Court rather than burdening several Courts with the same questions. Therefore, we recommend that the Kiner's Motion be granted, and that his Petition be consolidated with the Petitions that were filed in: DiModica v. Holinka, Civ. No. 06-522(PAM/SRN); Colman v. Holinka, Civ. No. 06-595(JRT/AJB); Andrig v. Holinka, Civ. No. 06-615 (JRT/FLN); and Robinson v. Holinka, Civ. No. 06-621 (JNE/FLN).[3] We note our understanding that, if the consolidation is granted, the Petitions will all be joined in the earliest filed Petition, which is that of Kiner.

---

[3]Kiner has filed a subsequent submission, in which he identifies a number of other cases, which may or may not be related to the Petitions that are identified in his Motion to Consolidate. See, Docket No. 4. The consolidation of those cases is not before us and, therefore, we limit our recommendation to those cases that were identified in the Petitioner's Motion to Consolidate.

Moreover, while we recommend that the identified Petitions be consolidated, we find no basis for a class certification, since the identified class is not so large that a class action would be "superior to other methods for the efficient adjudications of the" Petitions. See, Rule 23(b), Federal Rules of Civil Procedure. Therefore, to the extent that Kiner, and the other identified Petitioners, seek a class certification, we recommend that the Motion be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's Motion to Consolidate [Docket No. 2] be granted, in part, and that this action, be consolidated with those in DiModica v. Holinka, Civ. No. 06-522(PAM/SRN); Colman v. Holinka, Civ. No. 06-595(JRT/AJB); Andrig v. Holinka, Civ. No. 06-615 (JRT/FLN); and Robinson v. Holinka, Civ. No. 06-621 (JNE/FLN).

Dated:  March 1, 2006                              s/Raymond L. Erickson

                                                          Raymond L. Erickson
                                                          CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 17, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this

procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 17, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.